**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                           CASE NO.    3:08-cr-183-J-33TEM

LAZARO MORALES LIMA

_____

**ORDER COMMITTING THE DEFENDANT
TO THE CUSTODY OF THE ATTORNEY GENERAL**

This cause came before the Court for a competency hearing on June 10, 2008 (Doc. 24).  Pursuant to the Court's Order for a competency examination filed May 13, 2008 (Doc. 14), Dr. Alan J. Harris, Ph.D., a psychologist, conducted a Psychological Evaluation of Defendant and submitted a copy of the report dated June 5, 2008 containing his findings to both counsel and this Court.

Based upon Dr. Harris' report, the government filed a Motion for Second Competency Examination (Doc. 23) and requested that the Defendant be placed in an inpatient facility for further competency evaluation pursuant to 18 U.S.C. § 4241(b).  The Court, however, finds there is a preponderance of evidence that Defendant is incompetent and orders treatment and evaluation under 18 U.S.C. § 4141(d).

**BASIS FOR FINDINGS**

At the hearing held June 10, 2008, both the prosecution and defense counsel stipulated to the Court's consideration of the report without presenting further testimony.

Dr. Harris wrote that  the Defendant "presented as if he was suffering from a mental defect or disease, resulting in impoverished awareness of the present legal proceedings, to the point that he is unable to rationally and factually understand the nature and

consequences of the proceedings or properly assist in the defense." Dr. Harris added that the Defendant did not "put forth optimal effort and made a deliberate attempt to appear impaired." Dr. Harris stated, however, that the symptoms reported by the Defendant are consistent with bipolar disorder.

The Defendant at his initial appearance indicated through an interpreter that he had been hospitalized for mental disease in Cuba. The Defendant reported to Dr. Harris that he had two hospitalizations in Cuba for manic episodes, including one that occurred just six months before coming to the United States in May 2007. Since entering the United States, Defendant reported to Dr. Harris that he has not taken psychotropic medication.

The Court has no basis for finding the Defendant competent at this time. Under 18 U.S.C. § 4241(d), the Court should commit a Defendant for treatment if it finds by a preponderance of the evidence that the Defendant is suffering from a mental disease of defect rendering him mentally incompetent to understand the nature and consequences of the proceedings or to assist properly in his defense. Based on the limited record, the Court makes such a finding and commits the Defendant for a reasonable period of time, not to exceed four months initially, in order to determine if there is a reasonable probability that in the foreseeable future Defendant will attain the capacity to permit the case to proceed.

The Court recognizes that because it is not likely that any records from Cuba will be obtainable to assist Bureau of Prisons doctors, those doctors will be evaluating Defendant based upon the limited record of Dr. Harris' report and whatever information they may obtain from the Defendant. In addition, it appears likely that either an interpreter may be needed or use of medical professionals who speak Spanish.

The Court does order a status report within sixty (60) days after Defendant's arrival at the institution at which the evaluation will be conducted, or at any point should the Attorney General conclude that the Defendant is competent to proceed.

Should it assist the Bureau of Prisons in designating a facility, the Court would note that the Defendant has a brother residing in the Miami, Florida area.

## COMMITMENT ORDER

Accordingly, pursuant to 18 U.S.C. § 4241(d) and § 4247(b), the Defendant shall be committed for treatment and a psychiatric or psychological examination by a designated licensed or certified psychiatrist or psychologist for a reasonable period, but not to exceed four months. Defendant shall be placed in the custody of the Attorney General, or his duly authorized representative(s), for placement in a suitable facility. The director of the facility shall designate one or more such psychiatrists or psychologists for such treatment and examination. The director of the facility may apply to this Court for an additional reasonable period of time until either: (1) the Defendant's mental condition is so improved that trial may proceed, if the Court finds that there is a substantial probability that within such additional time the Defendant will attain the capacity to permit the proceedings to proceed; or (2) the pending charges against the Defendant are disposed of according to law.

Pursuant to 18 U.S.C. § 4247(c), a psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological treatment and/or examination. This report shall be filed with the Court and furnished to Thomas E. Morris, United States Magistrate Judge, 300 N. Hogan St., Suite 5-311, Jacksonville, Florida 32202, with copies to Kevin Frein, Assistant United States Attorney, 300 N. Hogan

St., Suite 700, Jacksonville, Florida 32202, and to Donald B. Mairs, Esquire, 301 N. Liberty Street, Jacksonville, Florida 32202, and shall include the following:

    (1) the Defendant's history and present symptoms;

    (2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

    (3) the examiner's findings;

    (4) the examiner's opinions as to diagnosis and prognosis;

    (5) whether the Defendant suffers from a mental disease or defect rendering the Defendant mentally incompetent to the extent that the Defendant is unable to understand the nature and consequences of the proceedings against the Defendant or to assist properly in his defense; and

    (6) if the Defendant continues to be found incompetent, determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to proceed.

As stated above, the Court requests that a status report be provided to the Court within sixty (60) days after arrival at the institution, and every thirty (30) days thereafter during the Defendant's commitment.

The United States Marshals Service for the Middle District of Florida shall transport or make arrangements for the transport of the Defendant, **Lazaro Morales Lima**, who is now in the custody of United States Marshals Service for the Middle District of Florida, to the designated suitable facility for the purpose of the aforesaid treatment and examination. The Defendant shall remain at the institution until his return is ordered by the Court, and then the United States Marshals Service shall return or make arrangements for the return of the Defendant to Jacksonville, Florida.

    **IT IS SO ORDERED.**

**DONE AND ORDERED** in Jacksonville, Florida, on this 11th day of June, 2008.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
Honorable Virginia M. Hernandez Covington
United States District Judge

Asst. United States Attorney (Frein)

Donald B. Mairs, Esquire

Lazaro Morales Lima c/o U. S. Marshal Service

U. S. Marshal Service (4 certified copies)